ORIGINAL D&F C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ISAAC LERNER, ELI LERNER, BALLYWARD
INVESTMENT COMPANY, LTD., JAIME
SOHACHESKI, GASTON LIMITED, HOTEL
INVESTORS, INC., PERKY LIMITED,
ABRAHAM RAPPAPORT, MOSHE COHN,
ESTABLISSEMENT SOMER, JOSEF KOHN,
CHANCERY ENTERPRISES, LTD., ROSDEV
DEVELOPMENTS, INC., MICHAEL
ROSENBERG, and ZANE AND RUDOFSKY,

          Plaintiffs,

-against-

FLEET BANK, N.A., STERLING NATIONAL
BANK AND TRUST COMPANY OF NEW
YORK, REPUBLIC NATIONAL BANK OF
NEW YORK, and FLEET NATIONAL BANK,

          Defendants.
------------------------------------------------------------x

------------------------------------------------------------x
BRUCE BAYROFF, JOSHUA GOLDSTEIN,
LAND TECH AT MANALAPAN, LLC,
THEODORE BRODIE, MEYER ROSENBAUM,
MR ASSOCIATES, LLC, ILANA BLUMKIN
(AS TRUSTEE), EMDEE TOURS, INC.,
HASENFIELD STEIN, INC., AEG AGENCY,
INC., MICHAEL KONIG, REGAL TRADE,
S.A., VAVEL CORP., CHADWICK FUNDING
CO., INC., LEONARD SAUSEN d/b/a
ATASSCO, ALLEN SAUSEN d/b/a
ATASSCO, AARON GARFINKEL, RIVKA
STEIN, AARON Y. RUBINSON, STEVEN B.
ROTHCHILD (P.C. MONEY PURCHASE
PLAN), PINCHOS RUBINSON, AKIVA
LEIMAN, ESTATE OF BORUCH RUBINSON,
CHAIM LEFKOWITZ, RACHEL LEFKOWITZ,
NAFTALI LIPSCHUTZ, SARA LIPSCHUTZ,
MENDEL LIPSCHUTZ, FEIGY LIPSCHUTZ,
REISEL BERGSTEIN, SARAH FRIEDMAN,
MORRIS FRIEDMAN, KEREN HACHESED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 22 2008 ★
BROOKLYN OFFICE

MEMORANDUM AND ORDER

98-CV-7778 (FB) (CLP)

OF MONSEY, INC., ESTHER WERTENTEIL,
AARON WERTENTEIL, TEENA RUBINFELD,
MARK WERTENTEIL, GENEVA
PROPERTIES, L.L.C., MT. PLEASANT
PARTNERS, HERSCHEL KULEFSKY, CHAI
PROPERTIES CORP., ARTHUR KURTZ,
CRESTFIELD ASSOCIATES, INC., WEINREB
MANAGEMENT, HOWARD MERMELSTEIN,
ALEXANDER HASENFELD, INC. PROFIT
SHARING RETIREMENT PLAN, ALBERT
DAVID PEARLS & GEMS, INC. DEFINED
BENEFIT PENSION PLAN, and ZANE AND
RUDOFSKY,

      Plaintiffs,

 -against-            98-CV-7779 (FB) (ASC)

FLEET BANK, N.A., STERLING NATIONAL
BANK AND TRUST COMPANY OF NEW
YORK, REPUBLIC NATIONAL BANK OF
NEW YORK, FLEET NATIONAL BANK,

      Defendants.
-----------------------------------------------x

*Appearances:*
*For the Plaintiffs:*
EDWARD S. RUDOFSKY, ESQ.
ERIC S. HORWITZ, ESQ.
Zane and Rudofsky
Starrett Lehigh Building
601 West 26th Street, Suite 1111
New York, NY 10001

*For the Defendants:*
*For Defendants Fleet Bank, N.A. and Fleet National Bank:*
THOMAS J. MOLONEY, ESQ.
Cleary, Gottlieb, Steen & Hamilton
1 Liberty Plaza
New York, NY 10006

*For Defendant Sterling National Bank and Trust Company of New York:*
R. JAMES JUDE De ROSE III, ESQ.
Lord Bissell & Brook LLP
885 Third Avenue, 26th Floor
New York, NY 10022

*For Defendant Republic National Bank of New York:*
CELIA GOLDWAG BARENHOLTZ, ESQ.
RACHEL KANE, ESQ.
Cooley Godward Kronish LLP
1114 Avenue Of The Americas
New York, NY 10036

**BLOCK, Senior District Judge:**

On January 24, 2008, Magistrate Judge Pollak issued to twenty plaintiffs in this action an order to show cause ("Order") why she should not recommend that the Court dismiss their claims pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.[1] Plaintiffs' counsel opposed the Order only in part, requesting that one of these twenty plaintiffs, Establissement Somer ("Somer"), be permitted to remain. On May 1, 2008, Magistrate Judge Pollak issued a Report and Recommendation ("R&R") recommending that Somer be permitted to remain, but that the claims of the other nineteen plaintiffs be dismissed with prejudice. The R&R specified that "[a]ny objections . . . must be filed . . . within ten (10) days of receipt of this Report" and gave notice that "[f]ailure to [do so] . . . waives the right to appeal the District Court's order." R&R at 8. Defendant Sterling National Bank and Trust Company of New York ("Sterling") timely filed a "Limited Objection" arguing that Somer's claims should be dismissed as well. *See* 98-CV-7778, Docket Entry 195.

---

[1] The twenty plaintiffs to whom the Order was addressed were: Joshua Goldstein; Land Tech at Manalapan, LLC; Meyer Rosenbaum; MR Associates, LLC; Howard Mermelstein; Isaac Lerner; Eli Lerner; Ballyward Investment Co., Ltd.; Perky Limited; Abraham Rappaport; Esther Rappaport; Moshe Cohn; Establissement Somer; Josef Kohn; Arthur Kurtz; Chai Properties Corp.; Emdee Tours, Inc.; Ilana Blumkin, as Trustee; Mt. Pleasant Partners; and Weinreb Management.

3

## DISCUSSION

"If [a party] timely exercise[s] [its] right to object to [a magistrate judge's] findings, the district court must conduct a *de novo* review of those portions of the report and recommendation to which the party objects." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 Fed. Appx. 230, 232 (2d Cir. 2006) (citing *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989); Fed. R. Civ. P. 72(b)). "The district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety." *Id.* By contrast, where no objections have been made to portions of a magistrate judge's report and recommendation, a district court may adopt those portions without *de novo* review, *id.*, provided (1) clear notice has been given of the consequences of failure to object, *see Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002), and (2) it does not appear that the magistrate judge has committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No objections were filed with respect to the R&R insofar as it recommended dismissal of the claims of the non-prosecuting plaintiffs other than Somer. As the required notice was given and the Court finds no plain error, the Court adopts that portion of the R&R without *de novo* review and dismisses the claims of those nineteen plaintiffs with prejudice pursuant to Rule 41(b).

Sterling, however, did file an objection with respect to the portion of the R&R recommending that Somer's claims not be dismissed. Thus, the Court reviews this portion of the R&R *de novo*.

As Magistrate Judge Pollak observed, dismissal pursuant to Rule 41(b) is left to the discretion of the district court. *Harding v. Fed. Reserve Bank of N.Y.*, 707 F.2d 46, 50 (2d Cir. 1983) (citations omitted). In exercising its discretion, a district court must consider several factors, none of which is individually determinative: (1) the duration of plaintiff's delinquency; (2) whether plaintiff was on notice that failure to comply with orders would result in dismissal; (3) whether defendants are likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with plaintiff's interest in receiving a fair chance to be heard; and (5) whether lesser sanctions would remedy any prejudice resulting from plaintiff's inaction. *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted). Finally, a district court must heed the Second Circuit's warning that dismissal is a "harsh remedy to be utilized only in extreme situations[.]" *Harding*, 707 F.2d at 50 (citations omitted).

Magistrate Judge Pollak performed a detailed analysis of the five *Drake* factors, determining that, with respect to Somer, the first two factors tilted in favor of dismissal, but that the last three did not. As a result, she concluded that dismissal of Somer's claims was not warranted. The Court has reviewed Magistrate Judge Pollak's analysis *de novo* and finds it correct.

In its "Limited Objection," Sterling does not argue that Magistrate Judge Pollak applied an incorrect legal standard; nor does Sterling claim (or cite any authority to support a suggestion) that she improperly analyzed the *Drake* factors. Rather, Sterling merely disagrees with her ultimate subjective balancing, stating that *in their own opinion*, Somer's "continued failure to comply with the Court's [discovery] Orders is sufficiently

egregious so as to merit [Somer's] dismissal from the action, even if it also appears that the failure to dismiss [Somer] would not prejudice the defendants or further congest the Court's calendar." Sterling's Limited Objection at 2.

The Court recognizes Sterling's frustration; the fourteen-month duration of Somer's noncompliance is significant, and Sterling's stated excuse – "certain internal conflicts which have since been resolved" – is admittedly vague. R&R at 4. But the ultimate balancing is left to the district court's discretion, and the Court, mindful that dismissal is an extreme remedy, agrees with Magistrate Judge Pollak's balancing of the *Drake* factors. Accordingly, at the present time, the Court does not dismiss Somer's claims or impose any other sanction for Somer's delay.

**SO ORDERED.**

s/FB
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 21, 2008